OPINION
Defendants-appellants Mack Rose aka Mack's Welding, Priscilla Rose dba Mack's Welding and MRP Limited Co. appeal from the May 27, 1999, Judgment Entry of the Stark County Court of Common Pleas granting appellee Fraternal Order of Eagles Aerie 2223's Motion for Prejudgment Interest on the verdict rendered on January 29, 1999.
 STATEMENT OF THE FACTS AND CASE
In 1990, appellants Mack Rose and Priscilla Rose, dba Mack's Welding, purchased the subject property located in Jackson Township which is adjacent to property owned by appellee Fraternal Order of Eagles Aerie 2223. The two properties were separated by a 50 foot cliff. Shortly after purchasing the property, appellants began constructing a commercial building on their property. As part of the construction of the building, appellants began to remove dirt from and to otherwise excavate the 50 foot cliff separating their property from appellee's property. As a result of the construction, the earth on the cliff began to erode, causing the cliff to move closer to appellee's property line. In 1997, the cliff slid and finally crossed appellee's property line. As a result, in 1994, appellee filed a civil action for injunctive relief and damages against appellants Mark Rose and Priscilla Rose dba Mack's Welding in the Stark County Court of Common Pleas. See Fraternal Order of Eagles, Aerie 2223, North Canton, Ohio, v. Mack Rose, et al., Stark County, Ohio, Common Pleas Court Case No. 94-CV-920. A stipulated permanent injunction that was filed on May 26, 1994, and signed by appellant Mack Rose, dba Mack's Welding and appellant Priscilla P. Rose, dba Mack's Welding, provided that appellant: I) is expressly prohibited to unilaterally remove any earth or otherwise excavate the cliff which exists between the Plaintiff's property . . . and the Defendants' property. . . .; ii) is expressly ordered to develop a reasonable and feasible plan to remedy the hazard which the current condition of the cliff between the Plaintiff's property and the Defendants' property presents to the Plaintiff's Property; iii) is expressly ordered to advise the Plaintiff of the reasonable and feasible plan to remedy said hazard by Friday, July 8, 1994; iv) is expressly ordered to secure the Plaintiff's approval of and consent to any and all plans to remedy said hazard; and v) is expressly ordered to complete all duly approved plans to remedy said hazard by Monday, October 31, 1994. The stipulated permanent injunction resolved appellee's demand for injunctive relief, but not appellee's demand for monetary damages. Subsequently, appellee filed a notice of voluntary dismissal of its case, without prejudice, on May 8, 1995. After appellee had filed its initial civil action (Case No. 94CV920), the Stark County Prosecuting Attorney filed a complaint for injunctive relief against appellant Mack Rose in 1995 to restrain and enjoin appellant from violating Ohio's Basic Building Code. See State of Ohio ex rel. Robert D. Horowitz, Prosecuting Attorney et al. v. Mack Rose, Stark County, Ohio, Common Pleas Court Case No. 1994CV01907. The complaint in such case specifically alleged that there was not a sufficient retaining wall between appellants' property and appellee's property as a result of appellants' excavating and that, therefore, appellant Mack Rose had violated Ohio's Basic Building Code. Pursuant to an order filed on May 9, 1995, in Case No. 1994CV01907, the trial court granted the Prosecuting Attorney's motion for a permanent injunction restraining and enjoining appellant Mack Rose from continuing his violation of the Ohio Basic Building Code. The trial court, in its order, specifically held as follows: "It is the further order of this court that the Defendant bring the property located at 4686 Eagles Circle, N.W., North Canton, Ohio, 44720 [appellant's property], into compliance with the Ohio Basic building Code by obtaining the necessary permits as issued by the Stark County Building Department. It is further ordered that the Defendant erect and maintain a retaining wall as approved by the Stark County Building Department to retain the adjoining earth so as not to endanger the safety of those persons coming into contact with aforesaid premises." In 1995 and 1996, the Stark County Prosecutors' Office filed several motions for contempt alleging that appellants had failed to comply with the previous court orders to erect and maintain a retaining wall. At least once, appellant Mack Rose was found in contempt for failing to comply with the trial court's orders and agreements with the Prosecuting Attorney. Thereafter, appellee on March 25, 1997, refiled its complaint against appellants Mack Rose and Priscilla Rose dba Mack Welding. Appellee, in its complaint, alleged that appellants, as a result of their excavation, had wantonly and recklessly interfered with appellee's lateral support, causing damage to appellee's real property. Appellee further contended that appellants had unreasonably interfered and continued to unreasonably interfere with appellee's use and enjoyment of its real property and the improvements thereon. Appellee, in its complaint, specifically sought compensatory damages for the cost to restore its property to the condition which existed before appellants' began their excavation and earth removal, exemplary damages, and reasonable attorney fees. An answer was filed by appellants Mack Rose and Priscilla Rose dba Mack's Welding on April 11, 1997. Appellee, on January 19, 1999, filed a Motion for Leave of Court to File [an] Amended Complaint Instanter. A copy of the proposed Amended Complaint was attached to appellee's motion. Appellee, in its motion, specifically requested a leave from the court to amend its complaint to include MRP Limited Co., an Ohio limited liability company which was formed on November 14, 1995. Appellants Mack and Priscilla Rose had transferred the real property which is the subject of this case from themselves to MRP Limited Co. on December 1, 1995. A Certificate of Service on the motion indicates that a copy of the motion "was sent to John S. Kuhn, counsel for Defendants . . . by ordinary U.S. mail. . . ." The motion was never ruled on by the trial court. Following a jury trial held in November of 1999, the jury returned on January 29, 1999, with a verdict in favor of appellee and against appellants and awarded appellee $85,000.00 in compensatory damages. The jury, however, did not award punitive damages to appellee, finding that appellants had not acted maliciously. A Judgment Entry memorializing the jury's verdict was filed the same day. The trial court, in its entry memorializing the verdict, ordered that appellee recover from appellant Mack Rose dba Mack's Welding the sum of $85,000.00 in compensatory damages. A Motion for Prejudgment Interest pursuant to Ohio Revised Code Section1343.03(C) was filed by appellee February 16, 1999. Appellee, in its motion, specifically sought prejudgment interest against appellants Mack Rose and Priscilla Rose, dba Mack's Welding, and MRP Limited Co. at the rate of 8% per annum. A response to appellee's motion was filed by appellants on March 10, 1999. Following an evidentiary hearing on appellee's Motion for Prejudgment Interest, which was held on March 26, 1999, both parties filed proposed findings of fact and conclusions of law. Thereafter, the trial court, pursuant to a Judgment Entry filed on May 27, 1999, granted appellee's Motion for Prejudgment Interest on the verdict rendered on January 29, 1999. The trial court, in its entry, ordered that appellant Mack Rose dba Mack's Welding "shall pay at the statutory rate of 8% per annum from October 13, 1994, through January 29, 1999, on the Court's judgment on the jury verdict in the amount of $85,000.00". The trial court, in awarding prejudgment interest, specifically held as follows: "The Court finds the evidence is clear and convincing that the Defendant [Mack Rose dba Mack's Welding] failed on numerous occasions to comply not only with promises made to the Plaintiff, Fraternal Order of Eagles, but also orders issued by the Court of Common Pleas. The Defendant attempts to skirt this issue by pointing to various attempts he allegedly made to rectify the problem. However, the Court finds these plans were ill-conceived and ill-planned. Had the Defendant expended the funds necessary to remedy this problem pursuant to the order of May 26, 1994, this controversy would have ended. He did not, and the Court finds that he failed to cooperate in resolving this controversy, that he failed to rationally evaluate the risks and his potential liability, that he unnecessarily delayed these proceedings on numerous occasions, and that his efforts to resolve this problem were not made in good faith."
On October 29, 1999, appellee filed a Motion for Nunc Pro Tunc Judgment Entry requesting that the trial court correct the May 27, 1999, Judgment Entry awarding prejudgment interest. Appellee, in its Motion for Prejudgment Interest, had requested an award against appellants Mack and Priscilla Rose, dba Mack's Welding, and MRP Limited Co. However, the May 27, 1999, Judgment Entry only awarded prejudgment interest against appellant Mack Rose dba Mack's Welding and omitted both Priscilla Rose and MRP Limited Company. On the same date, appellee filed a Motion for Nunc Pro Tunc Judgment Entry requesting that the trial court correct the Judgment Entry on the Verdict that was filed on January 29, 1999, and grant appellee's Motion to File Amended Complaint Instanter. The January 29, 1999, Judgment Entry entered judgment against appellant Mack Rose dba Mack's Welding. Appellee specifically asserted such Judgment Entry should have entered judgment against appellants Priscilla Rose and MRP Limited Co. as well since "[a]ll of these Defendants participated in the trial of the above-captioned matter and possessed ample opportunity to defend themselves against the Eagles' [appellee's] claims. Furthermore, as the Eagles' Motion for Leave to File Amended Complaint, Instanter, indicates, an Amended Complaint is required because Defendants Mack and Priscilla Rose transferred ownership of the real estate which is the subject of this lawsuit to a new entity, MRP LIMITED CO., during the pendency of legal proceedings involving the real estate."
Pursuant to two Nunc Pro Tunc Judgment Entries filed on November 24, 1999, the trial court granted both of appellee's motions. It is from the trial court's May 27, 1999, Judgment Entry that appellants prosecute this appeal, raising the following assignment of error:
 THE TRIAL COURT ERRED IN AWARDING PLAINTIFF-APPELLEE PREJUDGMENT INTEREST.
 I
Appellants, in their sole assignment of error, argue that the trial court erred in awarding appellee prejudgment interest on the jury's verdict. Appellants specifically challenge the trial court's conclusion that appellants failed to make a reasonable good faith effort to settle appellee's claims. R.C. 1343.03(C)(1) provides, in relevant part, as follows: In addition to the post-judgment interest described in division (B) of this section, interest on a judgment, decree, or order for the payment of money rendered in a civil action based on tortious conduct and not settled by agreement of the parties shall be computed from the date the plaintiff gave the defendant written notice in person or by certified mail that the cause of action accrued until the date that the judgment, decree, or order for the payment of money is rendered or from the date the plaintiff filed a complaint to commence the civil action until the date that the judgment, decree, or order for the payment of money is rendered, whichever time period is longer, if, upon motion of any party to the civil action, the court determines at a hearing held subsequent to the verdict or decision in the civil action that the party required to pay the money failed to make a good faith effort to settle the case and that the party to whom the money is to be paid did not fail to make a good faith effort to settle the case.
Thus, to award prejudgment interest, the trial court must conclude that the party required to pay the judgment failed to make a good faith effort to settle the case and also that the party to whom the judgment is to be paid did not fail to make a good faith effort to settle the case. Moskovitz v. Mt. Sinai Med. Ctr. (1994), 69 Ohio St.3d 638, 658. In Moskovitz, the Ohio Supreme Court held that a party has not failed to make a good faith effort to settle under Revised Code 1343.03(C) if such party has: 1) fully participated in discovery proceedings; 2) rationally evaluated his risks and potential liability; 3) not attempted to unnecessarily delay any of the proceedings; and 4) made a good faith monetary settlement offer or responded in good faith to an offer from another party. Id. citing Kalain v. Smith (1986),25 Ohio St.3d 157, syllabus. The Ohio Supreme Court, in Moskovitz, further held that, in resolving the "good faith" issue: "[I]t is incumbent on a party seeking an award to present evidence of a written (or something equally persuasive) offer to settle that was reasonable considering such factors as the type of case, the injuries involved, applicable law, defenses available, and the nature, scope and frequency of efforts to settle. Other factors would include responses — or lack thereof — and a demand substantiated by facts and figures. Subjective claims of lack of good faith will generally not be sufficient. These factors, and others where appropriate, should also be considered by a trial court in making a prejudgment interest determination."
Id. at 659. The court further noted that lack of a good faith effort to settle is not equivalent to bad faith. Absent an abuse of discretion, a trial court's award of prejudgment interest will not be overturned. Kalain, supra. at 159. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217. We must look at the totality of the circumstances in the case sub judice and determine whether the trial court acted unreasonably, arbitrarily or unconscionably. If there is competent, credible evidence supporting the trial court's decision, there is no abuse of discretion. See Middendorf v. Middendorf (1998), 82 Ohio St.3d 397. We find that the trial court did not abuse its discretion in ordering appellants Mack Rose and Priscilla Rose, dba Mack's Welding, to pay prejudgment interest to appellee since such decision was not unreasonable, arbitrary or unconscionable. At the March 26, 1999, prejudgment interest hearing, there was competent, credible evidence that the efforts by appellants Mack and Priscilla Rose, dba Mack's Welding, to resolve the problem of the cliffside erosion and settle the case were not made in good faith. At such hearing, appellant Mack Rose admitted that appellee's President had approached him in 1991 and 1992 about the erosion of the cliff. Appellant Mack Rose also admitted that "[a]t least in 1994 there was some discussions regarding the condition of that hillside and brought to your [appellant Mack Rose's] attention by attorneys for the Eagles that they believe the hillside needed to be repaired." Transcript of Prejudgment Interest hearing at 13. As is stated above, in the original 1994 civil case, both appellant Mack Rose dba Mack's Welding and appellant Priscilla Rose dba Mack's Welding signed a stipulated permanent injunction whereby they voluntarily agreed to the issuance of a permanent injunction. The stipulated permanent injunction, which was filed on May 26, 1994, required appellants to remedy the hazard posed by the earth removal or excavation by October 31, 1994. However, despite such stipulated order, appellant Mack Rose testified at the preliminary injunction that during 1994, he had not talked to any of appellee's officials regarding any plans to repair the hillside. Appellant Mack Rose, who was also unable to remember whether in 1995 he took any steps to make the necessary repairs, conceded that photographs taken in 1995 did not reveal that any steps had been taken to correct the problem. In addition, although the Prosecuting Attorney filed a complaint for injunctive relief against appellant Mack Rose dba Mack's Welding in 1995, appellants Mack and Priscilla Rose, dba Mack's Welding still failed to remedy the cliffside erosion problem. For such reason, appellant Mack Rose was found in contempt at least once for failure to abide by his agreement with the Prosecutor. Thus, appellant failed to honor his promises to appellee and to comply with orders issued by the Common Pleas Court. Moreover, testimony was adduced at the March 26, 1999, hearing, as well as the trial, that the cliffside collapse did not cross appellee's property line until 1997. The following is an excerpt from such hearing: "Q. So you [appellant Mack Rose] would have had those years from 1991 to 1996 or 1997 to make a repair on that [retaining] wall to stop that sliding of that dirt before crossing the or injuring the Plaintiff's property; isn't that a fact? A. We have tried, John, several attempts. Q. You recognize that you had all those years to make those repairs, right, before crossing that line? A. My hands were tied. THE COURT: Answer the question, for Christ's sake, will you? THE WITNESS: I'm saying-. THE COURT: The question is yes or no, you recognized you had those years to make the repairs. THE WITNESS: Yes." Transcript from March 26, 1999, Prejudgment Interest hearing at 17 to 18. Thus, appellants Mack Rose and Priscilla Rose, dba Mack's Welding, had approximately six years to remedy the erosion problem, but failed to do so. Although appellants Mack and Priscilla Rose, dba Mack's Welding concede that the erosion problem was not successfully resolved, said appellants maintain that they made ongoing attempts to find a workable solution to repair the problem and that such attempts were viable. However, we concur with the trial court that appellants' plans were "ill-conceived and ill-planned." At the Prejudgment Interest hearing, appellant Mack Rose testified that over the years, two basic attempts were made to repair the erosion problem. One of the attempts, which occurred in 1996, involved the construction of a retaining wall by appellant's in-house employees. The design and engineering work for the retaining wall were done by a civil engineer who never charged appellants for the same. When asked whether he had ever showed the proposed plans for such wall to appellee's representative or to appellee, appellant Mack Rose testified that he had not. The wall, however, failed even before it was completed. After the wall failed, appellants attempted to correct the problem of the cliff's erosion by replacing the lost soil. At the hearing, testimony was adduced that appellant Mack Rose attempted to shore up the cliff by using a sand and gravel mix. However, such attempt failed and the cliff continued to fall and crumble down. Based on the foregoing, we find that the trial court did not abuse its discretion in finding that appellants Mack and Priscilla Rose, dba Mack's Welding failed to act in good faith in resolving the erosion problem. As the trial court noted in its May 27, 1999, Judgment Entry, "[had] the Defendant expended the funds necessary to remedy this problem pursuant to the order of May 26, 1994, this controversy would have ended." Rather, the evidence is clear that appellants Mack and Priscilla Rose, dba Mack's Welding, unnecessarily delayed the proceedings for over six years and failed to cooperate in resolving the erosion problem and that such appellants' attempts to resolve the problems were not made in good faith. As established at the March 26, 1999, hearing, appellants, Mack and Priscilla Rose, dba Mack's Welding, in order to save money, used their own employees, who lacked proper skill and training, in an attempt to make repairs and/or relied upon input from third parties whom, as appellee notes, said appellants either did not pay or from whom they were calling in prior favors. Accordingly, we find that there was competent, credible evidence presented at the hearing that appellants Mack Rose and Priscilla Rose, dba Mack's Welding, failed to make a good faith effort to settle the case and that appellee did not fail to make a good faith effort to settle the case. For such reason, we find that the trial court did not abuse its discretion in ordering appellants Mack Rose and Priscilla Rose, dba Mack's Welding, to pay prejudgment interest to appellee. Such decision was not arbitrary, unconscionable or unreasonable. However, we do find that the trial court abused its discretion in ordering MRP Limited Co. to pay prejudgment interest to appellee. As is stated above, appellee, on January 19, 1999, filed a Motion for Leave of Court to File Amended Complaint Instanter. Appellee specifically sought to amend its complaint to include MRP Limited Co., an Ohio Limited Liability Company to which appellants Mack Rose and Priscilla Rose had transferred the subject real property on December 1, 1995. No entry granting appellee's motion was ever filed by the trial court. In addition, there is no evidence in the record that the amended complaint was, in fact, ever filed or that MRP Limited Co. was served with a copy of the amended complaint. Civ.R. 5 requires that every pleading subsequent to the original complaint be served upon each party. Likewise, Civ.R. 15(A) implies that service is required on amended pleadings: A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within fourteen days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders. (Emphasis added).
See Raspberry v. Mansfield-Richland-Morrow Policy Comm. (Feb. 10, 1994), Richland App. Nos. 93CA34, 93CA46, unreported. Since MRP Limited Co. was never served with a copy of the amended complaint, MRP Limited Co. was not a party to this action. The trial court, therefore, abused its discretion in ordering MRP Limited Co. to pay prejudgment interest to appellee. The trial court's November 24, 1999, Nunc Pro Tunc Judgment Entry (Prejudgment Interest Award) is, therefore, vacated as to MRP Limited Co. only. Appellants sole assignment of error is, therefore, sustained in part and overruled in part.
The Judgment of the Stark County Court of Common Pleas is affirmed in part and vacated in part.
 _______________________________ EDWARDS, J.
FARMER, P.J. and WISE, J. CONCUR.